**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CAROL WATSON**, | ) | |
| individually and as Best Friend and on | ) | |
| behalf of **J.E**, a Minor, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v | ) | NO. 14-CV-7530 |
| **RICH CENTRAL HIGH SCHOOL;** | ) | |
| **BOARD OF EDUCATION;** | ) | |
| **RICH TOWNSHIP HIGH SCHOOL** | ) | |
| **DISTRICT #227 AND ITS AGENTS;** | ) | |
| **VANESSA WOODS,** as Principal of the | ) | |
| Rich Central High School; **TERRELL** | ) | |
| **ALEXANDER**, as the Dean of Students of Rich | ) | |
| Central High School; **SHERRY STOKE**, | ) | |
| as the Associate Principal of Rich Central | ) | |
| High School; **DONALD PARKER**, | ) | |
| as Administrator of Rich Central High School; | ) | |
| **DORIS W. LANGON**, as Interim Superintendent | ) | |
| of Rich Township High School District #227; | ) | |
| **CAROLE COLLINS AYANLAJA**, as present | ) | |
| Superintendent of Rich Township High School | ) | |
| District #227; **DEREK BLASINGAME**, as | ) | |
| Security for Rich Central High School and | ) | |
| **LACHE POOL**, as a substitute teacher for Rich | ) | |
| Central High School. | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF UNDER § 1983, IDEA AND AMERICANS WITH DISABILITY ACT**

**NOW COME** the Plaintiff, CAROL WATSON, individually and as Best Friend and on behalf of J.E., a minor African-American male special education student, by their attorneys, Law Offices of Shriver, O'Neill & Thompson, and for their Complaint for Damages and Injunctive Relief Under § 1983, IDEA, and Americans with Disability Act, state as follows:

**PARTIES**

1.     Plaintiff, at all relevant times, is a natural person residing in the City of County Club Hills, County of Cook and State of Illinois; further, she was and is the natural parent of J.E., a minor and African-American male special education student.

2.     RICH TOWNSHIP HIGH SCHOOL DISTRICT #227 ("School District") is a corporate body under the State of Illinois, located in the City of Olympia Fields, Counties of Cook and Will in the State of Illinois.

**JURISDICTION AND VENUE**

3.     This is an action for violations of the civil rights of J.E., brought pursuant to *42 USC §1983 et.seq.*, specifically violations of the rights of J.E. to due process and equal protection, provided under the 14th Amendment to the Constitution of the United States; additional violations of the rights of J.E. are alleged as an individual with disabilities, under the Individuals with Disabilities Education Act (IDEA) and the Americans with Disability Act, brought pursuant to *20 USC §1401 et.seq.*  Jurisdiction is founded upon a federal question of law as to these actions, pursuant to *28 USC §1331*.

4.     This action also contains several violations of state common law and state statute under the laws of the State of Illinois; pendant jurisdiction is founded on those claims, pursuant to *28 USC §1367(a)*.

5.     Venue is proper in this district and division pursuant to *28 USC §1391*.

**BACKGROUND**

6.     In September, 2013, J.E., who was born in 1999,  was an African American male special education student registered and attending at Rich Central High School.

7.     The Rich Central High School is a part of the RICH TOWNSHIP HIGH SCHOOL DISTRICT #227 ("School District) and is governed by the RICH TOWNSHIP HIGH

SCHOOL DISTRICT #227 BOARD OF EDUCATION ("Board of Education") which boundaries cover a portion of both Will and Cook Counties in the State of Illinois.

8.      At that time, VANESSA WOODS was assigned as the principal in control or in charge of that particular school within the School District.

9.      That TERRELL ALEXANDER was assigned as the Dean of Students at that particular school within the School District.

10.      That DORIS W. LANGON was assigned as Interim Superintendent of the School District.

11.      At all times relevant,  J.E. was registered in school by his parents, the Plaintiff, J.E. had been previously diagnosed and had a special education eligibility of autism and a speech or language impairment that should have been known to all relevant school personnel and School District agents pursuant to his I.E.P. ("Individual Educational Plan") which should have been in place and available for their review.

12.      Autism is defined in *34 CFR 300.7(b)(1)* as "a developmental disability significantly affecting verbal and non-verbal communication and social interaction, generally evident before age three, that adversely affects a child's educational performance...."

13.      That on or about September 30, 2013, J.E. was a student in classroom #359 at Rich Central High School along with a number of other students being supervised by a substitute teacher, LACHE POOL.

14.      That all relevant personnel with daily or periodic involvement with J.E. knew, or should have known, of J.E.'S educational and special needs and his eligibility as being disabled under the Americans with Disability Act.

15.    That on or about September 30, 2013, in that classroom, J.E. allegedly participated along with another student in a bomb threat by writing a note indicating "bomb blows at 2".

16.    One day later on or about October 1, 2013, J.E. was caused by School District personnel and its agents to be placed into custody and transported in a squad car handcuffed to Olympia Fields Police Department whereby he was charged with a juvenile felony for making a false bomb threat, placed in a jail cell, processed by the police and/or interviewed for approximately four (4) hours.

17.    That the School District on or about October 2, 2013, through a Manifestation Hearing held pursuant to IDEA determined that this action by J.E. was a manifestation of his disability and that he needed to be treated as a special education child pursuant to IDEA with all of the protections afforded him under the Act.

18.    Further the School team and/or School District by its agents determined that the actions of J.E. were specifically the fault of the School District and its agents because of their failure to be aware and timely obtain a copy of J.E.'S I.E.P. and provide the special education services J.E. was to receive as a part of his I.E.P at Rich Central High School.

19.    That despite this determination by the School District and its agents on October 3, 2013, J.E. continues to be charged with Disorderly Conduct by the Juvenile State's Attorney for making a false bomb threat on September 30, 2013.

20.    That upon information and belief the School District and its personnel are pursuing this criminal complaint and arrest against J.E. because of the School District's decision on September 30, 2013, to not properly investigate the basis of the threat and to put in place their newly devised school evaluation plan that had not been properly shared with their teachers and local police authorities.

21.     This decision by the School District and its agents and/or the Interim

Superintendent, DORIS LANGON, to have an all school evacuation pursuant to their Emergency

Evacuation Plan (which was obviously faulty) resulted in injury to a teacher, an officer and more

than one student.

22.     Upon information and belief the School District and/or its agents currently

continue to proceed with its criminal complaint against J.E., filed by TERRELL ALEXANDER,

the Dean of Students at Rich Central High School, in order to place blame and liability for its

own faulty evacuation plan even after exonerating J.E. on October 3, 2013.

21.     That as a result of this continuing prosecution of J.E. that is without any cause or

merit J.E. has had to suffer continued harassment, embarrassment, emotional pain and suffering,

permanent fear of authorities and his parent to suffer financial hardship defending him and

providing him care and support. Listed below is a limited example of the many injuries and

traumatic events J.E. suffered as a result of the Board of Education, School District and/or its

agents ignoring its own personnel and agents' decisions that the school was responsible and

continuing its malicious prosecution of this African American autistic male.

a.)     Being transported in the back of a squad car;

b.)     Being handcuffed, possibly being finger printed and a mug shot taken;

c.)     Being Mirandized;

d.)     Being interviewed several times by police officers and/or school district

        liason/officers without a parent present, without notice to a parent and without

        familiar support personnel;

e.)     Being forced to write out a confession without any parent present or an attorney

        present;

f.)     Being imprisoned in a locked jail cell at Olympia Fields Police Station pulled out

to be interviewed, put back in, processed (having his mug shot taken, possibly

finger printed) put back in the locked cell again and out again for another

interview, finally released to parent only after being 3-4 hours in and out of a

locked jail cell;

g.)     Being interviewed and evaluated by the State Cook County Juvenile Court Clinic

psychologist at least three times; and

h.)     Being required to attend multiple court hearings which have deprived him of his

access to an education under IDEA.

22.     All of which the above actions or inactions by the Board of Education, the School

District and/or its agents caused him to be mistreated and mishandled because he was a disabled,

handicapped African American male who had no competent understanding of his actions or of

these criminal proceedings who the Defendants wished to publically hold responsible for their

own misdirections and faults for the student melee that resulted.

## COUNT I - §1983 - BOARD OF EDUCATION, SCHOOL DISTRICT AND ITS AGENTS

23.     At the time of the arrest, RICH TOWNSHIP HIGH SCHOOL DISTRICT #227

and its employees, ant agents were acting under color of state law.

24.     VANESSA WOODS, as principal in charge of the students at Rich Central High

School, including J.E., upon being telephoned on October 1, 2013, by Donald Parker, an

administrator at Rich Central High School misused her authority by authorizing and causing the

removal of J.E. from school grounds on October 1, 2013, after his interrogation by DEREK

BLASINGAME, SHERRY STOKE and others, turning J.E. over to the criminal authorities

without any investigation of the surrounding circumstances and/or without the permission or

knowledge of the parents of the minor child.

25.     VANESSA WOODS, in her capacity as principal with the School District and in her individual capacity, knew or should have known and been informed by the relevant School District agents that J.E. was a disabled student and that her official and/or discretionary conduct in this situation would violate and or deprive J.E.'S constitutional and civil rights.

26.     Any reasonable person in the field of special education or regular education would know the forceable removal by the police of a disabled, autistic minor child from school grounds without permission or notice to the parents violates and deprives that child's right to his liberty and due process.

27.     J.E.'S right to equal protection was violated by the actions taken by the School District and/or its agents and by her failure to provide an appropriate response (short of arrest) to the actions of a child handicapped with a limited comprehension ability which was known or should have been known to the School District and/or its agents and which evidenced the discriminatory intent of their agents as to J.E., a handicapped child in their care.

28.     The School District and/or its agents violated J.E.'S rights to due process under the Federal, State and School District behavior management/disciplinary guidelines for special education children.

29.     The School District and/or its agents violated J.E.'S constitutional rights to liberty through their agents, the Olympia Fields Police Department, the substitute teacher, LACHE POOL, for not recognizing the playful circumstances occurring in her classroom and TERRELL ALEXANDER, the Dean of Students, by his filing a criminal complaint against a special education student causing to have J.E. falsely imprisoned and to remove him from the school grounds to be held at the Olympia Fields Police Department while being booked, fingerprinted, and having his mug shot taken, all without prior notice to his parents or their permission.

30.     Exigent circumstances did not occur on October 1, 2013, the day after the bomb threat and the melee of students from two rival high schools that occurred on September 30, 2013, which was caused by the School District's faulty evacuation plan and coupled with a fire alarm being pulled by individuals unknown.

31.     That on October 1, 2013, the minor child, J.E., suffered further and continuous violation of his constitutional rights (property and privacy) through the juvenile court/arrest record created by the Olympia Fields police (possible fingerprints, mug shot photographs, record with juvenile authorities), currently held by the Juvenile Authorities of Cook County.

32.     The actions of the School District and/or its agents deprived J.E, a handicapped minor, of rights and privileges secured by the constitution and laws of this nation, which shocks the conscience and which runs counter to fundamental notions of fairness, and as such the Board of Education, School District and/or its agents are liable for damages to the Plaintiffs.

33.     As a result of the Board of Education, School District and/or its agent's actions or inactions regarding the disciplinary policy, custom or absence of proper policy and custom for special education children, the minor child, J.E., was arrested and imprisoned by which he suffered severe emotional trauma which manifested itself physically by loss of sleep, anxiety, agitation and fears of authorities.

34.     Upon information and belief, that actions taken by the Board of Education, the School District and/or through its agents, regarding the minor child, J.E., on October 1, 2013, evidence either a School District adopted policy/decision regarding criminal acts by handicapped children, a custom regarding such criminal acts by handicapped children, or they failed to establish guidelines or regulations that enforce the handicapped.

35.     That as a result of the Board of Education, the School District and/or its agent's actions or inactions regarding the disciplinary policy, custom or absence of proper policy and custom for special education children, the minor child, J.E., was arrested and imprisoned at the direction of School District agents by which he suffered emotional trauma which manifested itself physically by loss of sleep, anxiety, agitation and causing a permanent fear of authorities.

36.     Further that the Board of Education, the School District and/or its agents have continued to prosecute J.E. along with the Cook County Juvenile Authorities in a misguided or deliberate attempt to blame or place liability on J.E. as an African American male handicapped student and to obsequate their own role and liability for the student melee that occurred on September 30, 2013; namely, failing to properly investigate the circumstances surrounding the bomb threat whether on September 30, 2013, and/or on October 1, 2013, and instigating a faulty evaluation plan which caused two known high school rival populations to be put at the same place and time without any hope to control them.

**WHEREFORE**, Plaintiff prays that this Court award the following against the School District:

A.     Compensatory damages in excess of $100,000.00;

B.     Attorney's fees;

C.     An injunction be entered to expunge the School District and Cook County Juvenile Court records of the arrest and his mug shot and to ensure that an arrest does not occur again of a special education child without proper notification to their parents and adherence to the Federal and State and School District due process requirements;

D.     And for such other and further relief as deemed proper by this Court.

**PLAINTIFFS DEMAND TRIAL BY JURY**

## COUNT II - VIOLATION OF IDEA AND BOARD OF EDUCATION OF RICH TOWNSHIP HIGH SCHOOL DISTRICT #227

37.     Plaintiff, CAROL WATSON, repeats and re-alleges the allegations contained in Paragraphs 1 through 36 of Count I against the Board of Education, the School District and its agents.

38.     At all relevant times, public schools in Illinois were governed by various state and federal statutes, including IDEA, which requires school districts to develop policies and procedures for development and implementation of behavioral interventions for students with disabilities.

39.     This requirement included the necessity to develop an individual behavioral management plan for the minor child, J.E., and/or to development and properly implement specific behavioral interventions for students with disabilities who act in the same or similar manner as J.E. on September 30, 2013.

40.     School District failed to comply with its obligations under the Illinois School Code, specifically 105 ILCS 5/14-8.05 and IDEA, by its:

a)      failure to provide a functional behavioral analysis and develop and/or implement a behavioral management plan for J.E., or similarly situated students, to prevent or reduce expected behavioral issues as manifested by children found to be autistic and who are likely to be bullied or pressured by other students to act in ways contrary to their best interests;

b)      failure to develop and/or implement a management plan for J.E., or similarly situated students, to address any of his criminal actions in a reasonable and rational method;

c)      failure to develop and/or implement a management plan for J.E., or similarly situated students, which properly addressed his special educational needs and

disabilities;

d)      failure to recognize J.E. as a child in need of special accommodations and special

educational needs and disabilities instead only  implementing a behavioral

management/procedure plan for criminal activities designated for only regular

education students all without any consideration for its impact on children with a

disabling condition particularly when there were no exigent circumstances.

41.      As a result of School District's actions or inactions against the disciplinary policy,

custom or absence of proper policy and custom for special education children, the minor child,

J.E., was arrested and imprisoned in a locked jail cell at the direction of School  District officials

by which he suffered emotional trauma which manifested itself physically by loss of sleep,

anxiety, agitation and permanent fear of authorities.

**WHEREFORE**, Plaintiff prays that this Court award the following against the School

District:

A.      Compensatory damages in excess of $100,000.00;

B.      Attorney's fees;

C.      An injunction be entered to expunge the School District and Cook County

Juvenile Court records of the arrest and his mug shot and to ensure that an arrest does not occur

again of a special education child without proper notification to their parents and adherence to

the Federal and State and School District due process requirements;

D.      And for such other and further relief as deemed proper by this Court.

**PLAINTIFFS DEMAND TRIAL BY JURY**

## COUNT III - VIOLATION OF ILLINOIS SCHOOL CODE,
## BOARD OF EDUCATION, RICH TOWNSHIP HIGH SCHOOL DISTRICT #227

42.    Plaintiff, CAROL WATSON, repeats and re-alleges the allegations contained in Paragraphs 1 through 36 of Count I against the Board of Education, the School District and/or its agents.

43.    At all relevant times, public schools in Illinois were governed by various state statutes, including 105 ILCS 5/14-8.05, which requires school districts to develop policies and procedures for development and implementation of behavioral interventions for students with disabilities.

44.    This requirement included the necessity to develop an individual behavioral management plan for the minor child, J.E., and/or to development and properly implement specific behavioral interventions for students with disabilities who act in the same or similar manner as J.E. on September 30, 2013, under peer pressure and/or bullying.

45.    School District failed to comply with its obligations under the Illinois School Code, specifically 105 ILCS 5/14-8.05 and IDEA, by its:

a)    failure to provide a functional behavioral analysis and develop and/or implement a behavioral management plan for J.E., or similarly situated students, to prevent or reduce expected behavioral issues as manifested by children found to be autistic and who are likely to be bullied or pressured by other students to act in ways contrary to their best interests;

b)    failure to develop and/or implement a management plan for J.E., or similarly situated students, to address any criminal actions in a reasonable and rational method;

c)      failure to develop and/or implement a management plan for J.E., or similarly situated students, which properly addressed his special educational needs and disabilities;

d)      failure to recognize J.E. as a child in need of special accommodations and special educational needs and disabilities instead only implementing a behavioral management/procedure plan for criminal activities designated for regular education students only without any consideration for its impact on children with a disabling condition particularly when there were no exigent circumstances.

46.     As a result of these failures, the minor child, J.E., was arrested at the direction of School District agents and suffered emotional trauma being handcuffed, transported in a squad car, mug shots taken and being placed in a locked jail cell.

47.     As a result of Board of Education's actions or inactions regarding the disciplinary policy, custom or absence of proper policy and custom for the discipline of special education children, the minor child, J.E., was arrested and imprisoned at the direction of School District officials by which he suffered emotional trauma which manifested itself physically by loss of sleep, anxiety, agitation and permanent fear of authorities.

**WHEREFORE**, Plaintiff prays that this Court award the following against the Board of Education:

A.      Compensatory damages in excess of $100,000.00;

B.      Attorney's fees;

C.      An injunction be entered to expunge the School District and Cook County Juvenile Court records of the arrest and his mug shot and to ensure that an arrest does not occur again of a special education child without proper notification to their parents and adherence to

the Federal and State and School District due process requirements;

D.      And for such other and further relief as deemed proper by this Court.

**PLAINTIFFS DEMAND TRIAL BY JURY**

**COUNT IV - FALSE IMPRISONMENT - SCHOOL DISTRICT AND ITS AGENTS**

48.      Plaintiffs, CAROL WATSON, repeats and re-alleges the allegations contained in Paragraphs 1 through 36 of Count I against the School District and its agents, individually.

49.      The actions of the School District and/or its agents causing the arrest and imprisonment of the minor child, J.E., were taken with knowledge of J.E.'S disabilities, his special education eligibility, his limited understanding of social interaction level and his lack of emotional ability or understanding to have any malice or intent to harm the School District or other teachers and students.

50.      The actions of the School District and its agents unreasonably restrained the personal liberty of the minor child, J.E.; further, the School District caused or procured the unlawful restraint of J.E. against his will.

51.      As a result of the restraint by the School District and its agents and the arrest, the removal from school grounds and the imprisonment made at her command, the minor child, J.E., suffered emotional injuries and trauma and continues to do so as a young African American male special education student targeted by the judicial system.

52.      As a result of the School District's actions or inactions, the minor child, J.E., was arrested and imprisoned at the direction of School  District officials by which he suffered emotional trauma which manifested itself physically by loss of sleep, anxiety, agitation and permanent fear of authorities.

**WHEREFORE**, Plaintiff prays that this Court award the following against the School District, as an individual:

A.      Compensatory damages in excess of $100,000.00;

B.      Attorney's fees;

C.      An injunction be entered to expunge the School District and Cook County Juvenile Court records of the arrest and his mug shot and to ensure that an arrest does not occur again of a special education child without proper notification to their parents and adherence to the Federal and State and School District due process requirements;

D.      And for such other and further relief as deemed proper by this Court.

<u>**PLAINTIFFS DEMAND TRIAL BY JURY**</u>


<u>**COUNT V - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - SCHOOL DISTRICT AND ITS AGENTS**</u>

53.      Plaintiff, CAROL WATSON, repeats and re-alleges the allegations contained in Paragraphs 1 through 36 of Count I against the School District and its agents, individually.

54.      The actions taken by the School District and its agent with full knowledge of the disabilities of the minor child, J.E., the lack of exigent circumstances the day after the melee, the circumstances of the lack of J.E'S actions being proximate cause of any injury to the School District or other teachers and students and the failure to either contact the parents of the minor child, J.E., or consider less harsh punishment (suspension, etc.) or a hearing or other possible resolutions other than incarceration in a locked jail cell, rises to the level of being both extreme and outrageous conduct.

55.      With their prior knowledge of the minor child's, J.E.'S, disabilities, the actions taken by the School District and/or its agents were taken with the intent to cause, or the reckless

disregard to the likelihood of causing emotional distress to J.E.

56.     As a result of the actions of the School District and/or its agents and subsequent arrest and detainment in a locked jail cell, J.E. did suffer emotional distress and related injuries which are ongoing because of the continued prosecution of J.E. by the School District to assign him liability for the melee that injured a teacher, a police officer and other students.

**WHEREFORE**, Plaintiff prays that this Court award the following against the School District, as an individual:

A.     Compensatory damages in excess of $100,000.00;

B.     Attorney's fees;

C.     An injunction be entered to expunge the School District and Cook County Juvenile Court records of the arrest and his mug shot and to ensure that an arrest does not occur again of a special education child without proper notification to their parents and adherence to the Federal and State and School District due process requirements;

D.     And for such other and further relief as deemed proper by this Court.

## PLAINTIFFS DEMAND TRIAL BY JURY

## COUNT VI - SLANDER/LIBEL- SCHOOL DISTRICT AND ITS AGENTS

57.     Plaintiff, CAROL WATSON, repeats and re-alleges the allegations contained in Paragraphs 1 through 36 of Count I against the School District and it agents, individually.

58.     The actions taken by the School District and its agents, in filing a request for the formal arrest of the minor child, J.E., included the representations to police officials and other government and school authorities that J.E., with intent to cause this result, caused a false bomb threat that ultimately injured a teacher, a police officer and several students.

59.     When the School District and its agents made such representations to police officials and other government and school authorities identifying J.E. as the cause of the written bomb threat and who began the chain of events that ultimately resulted in those injuries should have knew and/or known of J.E.'S disabilities, his reduced mental/intellectual and emotional capacities and his lack of understanding of the consequences of his actions.

60.     When the School District and its agents made such representations to police officials and other government and school authorities, they knew that the injuries to the teacher, to the police officer and to several of the students purportedly caused by J.E.'s actions were not his responsibility.

61.     As such, statements made by the School District and its agents regarding the incident to the police were made without any further investigation and its agents knew there were no exigent circumstances at the time yet slandered/libeled their special education child and without knowledge as to the truth of their statements and in reckless disregard to the absence of truth or with the knowledge the statements were not true of his direct responsibility for those injuries.

62.     Such acts constitute the basis for a claim for slander/libel, as injury has been done to the reputation and good name of the minor child, J.E. (Juvenile criminal record).

63.     Further, as these statements impute to the minor child, J.E., the commission of a criminal offense, they are slander/libel *per se*.

64.     As a result of the School District and/or its agent's actions or inactions, the minor child, J.E., was arrested and imprisoned in a locked jail cell and continuously prosecuted to this day at the direction of School  District officials by which he has suffered and continues to suffer emotional trauma which manifested itself physically by loss of sleep, anxiety, agitation and

permanent fear of authorities.

**WHEREFORE**, Plaintiff prays that this Court award the following against the School

District, as an individual:

A.     Compensatory damages in excess of $100,000.00;

B.     Attorney's fees;

C.     An injunction be entered to expunge the School District and Cook County

Juvenile Court records of the arrest and his mug shot and to ensure that an arrest does not occur

again of a special education child without proper notification to their parents and adherence to

the Federal and State and School District due process requirements;

D.     And for such other and further relief as deemed proper by this Court.

**PLAINTIFFS DEMAND TRIAL BY JURY**

**COUNT VII - ASSAULT/BATTERY - SCHOOL DISTRICT AND ITS AGENTS**

65.     Plaintiff, CAROL WATSON, repeats and re-alleges the allegations contained in

Paragraphs 1 through 36 of Count I against the School District and its agents, individually.

66.     The School District and its agents, at their direction and request, caused the

physical removal from school property of the minor child, J.E., by Olympia Fields police

officers, including but not limited to:

a)     physical detention by school personnel in anticipation of arrest, and by Olympia

Fields police officers during and following the arrest;

b)     physical custody of J.E. transferred to Olympia Fields police officials; and

c)     forcible detention by Olympia Fields police officials, including fingerprinting,

mug shot photographs and jail time.

80.     The School District and its agents intended the results, listed above, by her actions

in instigating, reporting and requesting the formal arrest of J.E.

67.     In conjunction with such activities, the person of J.E. was touched in an intentional manner by persons directed by the School District and its agents; further, that this touching was preceded by the anticipation of contact by such agents with J.E. and his resulting fear, anxiety, agitation and permanent fear of authorities from such unwanted contact.

68.     The actions set into motion by the School District and its agents with the intent to obtain the arrest of the minor child, J.E. through whatever means necessary, constitute assault and battery upon J.E.

69.     As a result of this unwanted touching and control of his person particularly for a young African American male with a limited capacity for understanding unjustly placed in a locked jail cell in a police station, J.E. suffered emotional and physical injuries, J.E., by being arrested and imprisoned in a locked jail cell at the direction of School District officials by which he suffered emotional trauma which manifested itself physically by loss of sleep, anxiety, agitation and permanent fear of authorities.

**WHEREFORE**, Plaintiff prays that this Court award the following against VANESSA WOODS, as an individual:

A.     Compensatory damages in excess of $100,000.00;

B.     Attorney's fees;

C.     An injunction be entered to expunge the School District and Cook County Juvenile Court records of the arrest and his mug shot and to ensure that an arrest does not occur again of a special education child without proper notification to their parents and adherence to the Federal and State and School District due process requirements;

D.     And for such other and further relief as deemed proper by this Court.

**PLAINTIFFS DEMAND TRIAL BY JURY**

CAROL WATSON,
individually and as Best Friend and on
behalf of **J.E**, a Minor, Plaintiffs


BY:      /s/ Joyce O'Neill Austin
             One of Her Attorneys

The Law Offices of
SHRIVER, O'NEILL & THOMPSON
Joyce O'Neill Austin, Of Counsel,
ARDC#6192790
515 N. Court Street
Rockford, IL 61103
P: (815) 963-4896
F: (815) 963-4904

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CAROL WATSON,** | ) | |
| individually and as Best Friend and on | ) | |
| behalf of **J.E**, a Minor, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v | ) | NO. 14-CV-7530 |
| **RICH CENTRAL HIGH SCHOOL;** | ) | |
| **BOARD OF EDUCATION;** | ) | |
| **RICH TOWNSHIP HIGH SCHOOL** | ) | |
| **DISTRICT #227 AND ITS AGENTS;** | ) | |
| **VANESSA WOODS,** as Principal of the | ) | |
| Rich Central High School; **TERRELL** | ) | |
| **ALEXANDER**, as the Dean of Students of Rich | ) | |
| Central High School; **SHERRY STOKE**, | ) | |
| as the Associate Principal of Rich Central | ) | |
| High School; **DONALD PARKER**, | ) | |
| as Administrator of Rich Central High School; | ) | |
| **DORIS W. LANGON**, as Interim Superintendent | ) | |
| of Rich Township High School District #227; | ) | |
| **CAROLE COLLINS AYANLAJA**, as present | ) | |
| Superintendent of Rich Township High School | ) | |
| District #227; **DEREK BLASINGAME**, as | ) | |
| Security for Rich Central High School and | ) | |
| **LACHE POOL**, as a substitute teacher for Rich | ) | |
| Central High School. | ) | |
| Defendants. | ) | |

**<u>DEMAND FOR JURY</u>**

The Plaintiff in the above-entitled cause demands a jury for the trial of said cause.

CAROL WATSON,
individually and as Best Friend and on
behalf of J.E., a minor

BY:    /s/ Joyce O'Neill Austin
One of Her Attorneys

The Law Offices of
SHRIVER, O'NEILL & THOMPSON
Joyce O'Neill Austin, Of Counsel,
ARDC#6192790
515 N. Court Street
Rockford, IL 61103
P: (815) 963-4896
F: (815) 963-4904