**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CAROL WATSON, individually and as Best Friend and on behalf of J.E., a minor, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 14 C 7530 |
| v. | ) ) | Judge Jorge L. Alonso |
| RICH CENTRAL HIGH SCHOOL, BOARD OF EDUCATION RICH TOWNSHIP HIGH SCHOOL DISTRICT 227, and its agents, VANESSA WOODS, as principal of Rich Central High School, TERRELL ALEXANDER as the Dean of Students of Rich Central High School, DONALD PARKER, as administrator of Rich Central High School, DORIS W. LANGON, as Interim Superintendent of Rich Township High School District 227, CAROLE COLLINS AYANLAJA, as Superintendent of Rich Township High School District 227, DEREK BLASINGAME, as security for Rich Central High School, and LACHE POOL, as substitute teacher for Rich Central High School, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff sues defendants for their alleged violations of his constitutional rights, the Individuals with Disabilities Education Act ("IDEA"), and state law. Defendants have filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss for failure to exhaust administrative remedies. For the reasons set forth below, the Court grants the motion with respect to the federal claims and declines to exercise supplemental jurisdiction over the state claims.

**Facts**

J.E. is an African-American male with Autism and a speech/language impairment who attends Rich Central High School and has an Individual Education Plan ("IEP") in place. (Compl. ¶¶ 6, 11.) On September 30, 2013, J.E. and another student made a bomb threat by writing a note that said "bomb blows at 2." (*Id.* ¶¶ 13-15.) The next day, one or more defendants caused J.E. to be arrested. (*Id.* ¶ 16.) J.E. was interviewed and held in police custody for four hours without the presence of or notification to his parents. (*Id.*)

The following day, the school district held a hearing pursuant to the IDEA, at which it was determined that J.E.'s actions were a manifestation of his disability. (*Id.* ¶ 17.) It was also determined that school officials were at fault for J.E.'s actions because they had not "timely obtain[ed] a copy of J.E.'s IEP [or] provide[d] [him with] the special education services [he] was [supposed] to receive." (*Id.* ¶ 18.) Nonetheless, the school district continues to pursue a charge of disorderly conduct against J.E. for the events of September 30, 2013. (*Id.* ¶¶ 19-22.) As a result, J.E. "suffer[s] continued harassment, embarrassment, emotional pain and suffering, permanent fear of authorities" and has been "deprived . . . of . . . access to an education under IDEA." (*Id.* ¶ 21.)[1]

Plaintiff alleges that defendants violated J.E.'s rights under the IDEA, the Constitution, and the Illinois School Code, falsely imprisoned, slandered, assaulted and battered J.E., and intentionally inflicted emotional distress on him. The relief plaintiff seeks for each claim is the same: compensatory damages, attorney's fees, and "an injunction . . . to expunge the School District and Cook County Juvenile Court records of the arrest and his mug shot and to ensure that an arrest does not occur again of a special education child without proper notification to their parents and adherence to the Federal and State and School District due process requirements." (See *id.* ¶¶ 36, 41, 47, 52, 56, 64, 69.)

---

[1]This reference is to the second paragraph numbered 21 in the complaint.

**Discussion**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Federal Claims**

Defendants contend that plaintiff's claims are barred by her failure to exhaust administrative remedies under the IDEA, which provides:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C.A. § 12101 et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C.A. § 791 et seq.], or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the [administrative] procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 1415(l). The IDEA's exhaustion provision applies not only to IDEA claims but to any claim seeking "'relief that is available under' the IDEA." *Charlie F. ex rel. Neil F. v. Bd. of Educ. of Skokie Sch. Dist. 68*, 98 F.3d 989, 991 (7th Cir. 1996).

Plaintiff admits that she did not exhaust administrative remedies but contends that she was not required to do so because the relief she seeks, damages and an injunction, is not available under the IDEA. In *Charlie F.*, however, the Seventh Circuit rejected this very argument:

> Charlie asks us to stop here: he wants compensatory money damages, the IDEA does not provide this form of relief, and that is that. Things are not so clear, however. The statute speaks of available relief, and what relief is "available" does not necessarily depend on what the aggrieved party wants. . . . The nature of the claim and the governing law determine the relief no matter what the plaintiff demands. If this principle is equally applicable for purposes of § 1415(f), then the theory behind the grievance may

3

activate the IDEA's process, even if the plaintiff wants a form of relief that the IDEA does not supply. Several district courts have used this principle to hold that the pleadings in court do not end the analysis under § 1415(f), and we think these decisions right. . . .

. . . .

We read "relief available" to mean relief for the events, condition, or consequences of which the person complains, not necessarily relief of the kind the person prefers.

*Id.* at 991-92; *see McCormick v. Waukegan Sch. Dist. No. 60*, 374 F.3d 564, 568 (7th Cir. 2004) ("'Where . . . a plaintiff has alleged injuries that could be redressed to some degree by the IDEA's administrative procedures and remedies, then the courts should require exhaustion of administrative remedies.'" (quoting *Robb v. Bethel Sch. Dist.*, 308 F.3d 1047, 1054 (9th Cir. 2002)).)

Among the injuries defendants' actions are alleged to have caused J.E. is "the depriv[ation] . . . of . . . access to an education under IDEA" (Compl. ¶ 21), which is precisely what the IDEA administrative process is designed to redress. *See* 20 U.S.C. § 1400(d)(1)(A) (stating that one purpose of the IDEA is to ensure that all children with disabilities have available to them a free appropriate public education"); § 1415(b)(6)-(i) (setting forth the procedures by which parents can request or object to the evaluation and educational placement of a child with disabilities and the provision of a free appropriate public education to that child). Thus, because plaintiff has alleged injuries that "'could be redressed to some degree by the IDEA's administrative procedures,'" exhaustion of administrative remedies is required. *McCormick*, 374 F.3d at 568 (quoting *Robb*, 308 F.3d at 1054)). Because plaintiff admits she has not exhausted such remedies, the Court grants defendants' motion to dismiss the federal claims asserted in Counts I and II.[2]

---

[2]Exhaustion is an affirmative defense, and thus is generally not a basis for a Rule 12(b)(6) dismissal. *See Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). Because, however, plaintiff admits that she did not exhaust (*see* Pl.'s Resp. Defs.' Mot. Dismiss at 9), this is an appropriate case for a Rule 12(b)(6) dismissal. *See Xechem*, 372 F.3d at 901 (stating that a defense can be the basis for a motion to dismiss if plaintiff "admits all the ingredients of an impenetrable defense").

**State Law Claims**

Having dismissed all of the federal claims, the Court declines to exercise supplemental jurisdiction over the state-law claims asserted in Counts III-VII. *See* 28 U.S.C. § 1367(c) ("The district court[] may decline to exercise supplemental jurisdiction over a [state-law] claim . . . if . . . [it] has dismissed all claims over which it has original jurisdiction . . . .").

**Conclusion**

For the reasons set forth above, the Court grants in part defendants' motion to dismiss [14] and dismisses the federal claims asserted in Counts I and II without prejudice for failure to exhaust administrative remedies. The Court strikes the motion as moot as to the state-law claims asserted in Counts III-VII, which are dismissed without prejudice to refiling in state court. This case is terminated.

**SO ORDERED.**                                **ENTERED:**    **March 10, 2015**

_____
**HON. JORGE ALONSO**
**United States District Judge**